**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JAMES A. ROUGHLEY, #743499,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:14-CV-2637-N-BK** |
| | § | |
| **CRAIG WATKINS, District Attorney,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On July 22, 2014, Plaintiff, a state inmate, filed a *pro se* complaint under 42 U.S.C. § 1983 against Defendant Craig Watkins, Dallas County District Attorney, which was automatically referred to the magistrate judge. *See* 28 U.S.C. 636(b) and *Special Order 3*. The undersigned granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

In 1995, Plaintiff was convicted of murder and sentenced to 40 years' imprisonment and a $10,000 fine. *Roughley v. State*, No. F95-02453 (Crim. Dist. Court No. 2, Dallas County, 1995), *aff'd*, No. 05–95–01305–CR, 1998 WL 300581 (Tex. App.-Dallas June 10, 1998, pet. ref'd) (unpublished). He unsuccessfully challenged his conviction in state and federal habeas proceedings. *Roughley v. Johnson*, No. 3:00-CV-2654-L (N.D. Tex. 2001), *aff'd*, No. 01-11378 (5th Cir. 2002) (affirming dismissal of federal habeas petition as time barred); *Roughley v. Dretke*, No. 3:04-CV-1667-N, 2004 WL 2468520 (N.D. Tex. Nov. 19, 2004) (dismissing successive federal habeas petition). Plaintiff also filed two motions for post-conviction DNA testing, which the convicting court denied. In both instances the state court of appeals affirmed,

concluding there was no identity issue in the murder trial and, thus, the convicting court could not order post-conviction DNA testing.  *Roughley v. State*, No. 05-03-00049-CR, 2003 WL 22450442 *1-2 (Tex. App. – Dallas, Oct. 29, 2003, pet ref'd); *Roughley v. State*, No. 05–11–00536–CR, 2013 WL 1803731 *2 (Tex. App. – Dallas, Apr. 29, 2013, pet ref'd).  Subsequently, Plaintiff sought state habeas relief, again seeking access to two knives for DNA testing.  The Court of Criminal Appeals, however, dismissed the application as successive.  *Ex parte Roughley*, No. WR-45,526-05 (Tex. Crim. App. Jul. 16, 2014).

Undeterred, Plaintiff files this civil rights action asserting a due process violation and claiming a denial of access to the physical evidence in Defendant's possession for DNA testing.  [Doc. 3 at 4].  He contends that he has been denied "all legal avenues of procedure . . . [to] successfully seek and obtain access to the physical evidence" for genetic testing.  [Doc. 3 at 4].  Plaintiff maintains that construing "art. 64.03 testing requirements into [his] habeas proceedings, under art. 11.07, was unconstitutional, where such construeing [sic] denied Plaintiff procedural due process, in obtaining access to the two knives in Defendant Watkin's possession, under all means of readiness of law."  [Doc. 3 at 6].  Plaintiff contends that he has a "liberty interest in utilizing state procedure to obtain a reversal of his conviction . . . a pardon . . . or [a] reduction of sentence."  [Doc. 3 at 6].  He seeks declaratory and injunctive relief.  [Doc. 3 at 4, 6].  Specifically, he requests an order directing the Defendant to "produce and release the two knives in his possession, [so] that DNA testing can be conducted thereon, either at the State or at Plaintiff's expense.  [Doc. 3 at 6].

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Those statutes provide for *sua sponte*

dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers).  Even under this most liberal construction, however, Plaintiff's complaint is frivolous and/or fails to state a claim on which relief may be granted.

To pursue a claim under section 1983, a plaintiff must allege that there was a violation of a right secured by the Constitution or laws of the United States and that the deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "While there is no freestanding right for a convicted defendant to obtain evidence for post-conviction DNA testing, Texas has created such a right [under Article 64 of the Texas Code of Criminal Procedure] and, as a result, the state provided procedures must be adequate to protect the substantive rights provided." *Elam v. Lykos*, 470 Fed. Appx. 275, 276 (5th Cir. 2012) (unpublished) (citing *Skinner v. Switzer*, --- U.S. ---, 131 S.Ct. 1289, 1293 (2011); *Dist. Att'y's Office for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 67–69 (2009)).  Article 64.03(a) "allows the state court to order testing [only] if it finds that:  (1) the unaltered evidence is available for

testing; (2) identity was at issue in the case; (3) the convicted person establishes by a preponderance of the evidence that he would not have been convicted if DNA testing provided exculpatory results; and (4) the motion is not made to delay the execution of a sentence."

*Emerson v. Thaler*, 544 Fed. Appx. 325, 328 (5th Cir. 2013).

Here, Plaintiff cannot establish a due process violation in connection with the State's denial of his request for post-conviction DNA testing. He does not argue that "DNA testing of the evidence from [his] trial would be probative on the issue of [his] guilt or innocence. *See Elam*, 470 Fed. Appx. at 276 (citing *Osborne*, 557 U.S. at 69-70); *Skinner*, 131 S.Ct. at 1293; TEX.CODE CRIM. PROC. art. 64.03). Indeed, identity was not at issue at Plaintiff's trial, *see* art. 64.03(a)(1)(B), and he does not claim that he would not have been convicted if DNA testing had yielded exculpatory results, as art. 64.03(a)(2)(A) requires. The court of appeals also concluded, in connection with his second post-conviction motion for DNA testing, that

> [n]one of appellants [sic] arguments raise the issue of identity or contradict appellants [sic] testimony that he stabbed Norvis in the throat and threw him over a balcony railing, killing him. Unless it finds that identity was or is an issue in the original trial, a convicting court may not order postconviction DNA testing. See TEX.CODE CRIM. PROC. ANN. art. 64.03(a)(1)(B) (West Supp.2012). The issue here is not who committed the crime; instead, appellant is seeking to use DNA evidence to show he acted in self defense. These concerns are not identity concerns. *See In re State ex rel. Villalobos*, 218 S.W.3d 837, 840 (Tex. App.-Corpus Christi 2007, orig. proceeding) (identity not at issue where issue raised in request for DNA testing was whether findings of DNA testing would assist appellant with his claim of self defense).

*Roughley*, 2013 WL 1803731 *2.

Because Plaintiff cannot meet the statutory requirements for obtaining post-conviction DNA testing, he cannot complain of the inadequacy of the State's procedures -- namely show that the procedures established by article 64 are "fundamentally inadequate to vindicate the substantive rights provided." *Osborne*, 557 U.S. at 69. In addition, to the extent Plaintiff

challenges the 2014 denial of his successive state habeas application, which also sought post-conviction DNA testing, his claim fails to raise any plausible constitutional violation.  *See Twombly*, 550 U.S. at 570.  Accordingly, Plaintiff's complaint fails to state a claim to relief that is plausible on its face.  *See Elam v. Lykos*, 470 Fed. Appx. 275, 275-276 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 535 (2012) (denial of request for post-conviction DNA testing did not violate prisoner's due process rights where "[a]ny further DNA testing of the evidence from . . . trial would not be probative on the issue of . . . guilt or innocence").

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal.  *See Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (while generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed,  . . . [g]ranting leave to amend is not required . . . if the plaintiff has already pleaded his 'best case.'").  Here, Plaintiff's claims are fatally infirm.  Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.

### IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be summarily **DISMISSED** with prejudice as frivolous and/or for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  This dismissal will count as a

"strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[1]

      SIGNED September 22, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."